IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nathaniel Barnes, ) | |
| ) | C.A. No. 3:03-CV-2296 |
| Plaintiff, ) | |
| ) | **OPINION AND** |
| vs. ) | **ORDER** |
| ) | |
| South Carolina Department of Transportation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Nathaniel Barnes ("Barnes") brought this action on July 11, 2003 against his former employer, Defendant South Carolina Department of Transportation ("SCDOT"). Barnes alleges (1) disparate treatment because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a); and (2) unlawful retaliation in violation of 42 U.S.C. §2000e-3(a).

SCDOT filed a motion for summary judgment on November 2, 2004. After receiving an extension of time, Barnes filed a memorandum in opposition to SCDOT's motion on December 1, 2004, and SCDOT filed a reply memorandum on December 16, 2004.

In accordance with 28 U.S.C. §646(b) and Local Rule 73.02(B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling. On July 27, 2005, the Magistrate Judge filed a Report and Recommendation in which he recommended that SCDOT's motion for summary judgment be granted as to Barnes's Title VII claim and his retaliation claim. Barnes filed objections to the Report and Recommendation on August 10, 2005. SCDOT filed a reply to Barnes' objections on August 23, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Matthews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has carefully reviewed the Report and Recommendation, pleadings, motion, memoranda, Barnes' deposition transcript, and exhibits of record in this case. The court concludes that SCDOT's motion for summary judgment should be granted.

## FACTS

The specific facts underlying Barnes' claims are set forth at length in the Magistrate Judge's Report and Recommendation. Briefly, Barnes, who is African American, was employed in 1982 in SCDOT's District One Sign Shop, where he made highway signs and delivered them throughout the fifteen counties that comprised his District. During his employment, Barnes filed two employee grievances with South Carolina Budget and Control, respectively, in 2000 and 2002. He also filed complaints with the South Carolina Human Affairs Commission (1993), Senator Kay Patterson (September 12, 1988), U.S. Representative James Clyburn (June 10, 1994), and U.S. Senator Strom Thurmond (January 17, 2002). In these complaints, Barnes alleged that he was placed in a hostile work environment, was consistently harassed by his supervisor, Eugene Wise ("Wise"), and was retaliated against by being assigned less desirable work that resulted in his injuring his shoulder in early 2001.

Barnes had surgery on his shoulder to repair torn ligaments and bone spurs in February 2001. Barnes' doctor cleared him to return to SCDOT to computer work on August 24, 2001. Wise told Barnes that the Sign Shop did not have enough computer work to keep Barnes busy and requested that Barnes confer with his doctor about other job functions that he might be able to complete. Barnes delivered a letter from his doctor on September 18, 2001 that indicated that in the doctor's opinion Barnes was able to perform all aspects of his original job except for driving a truck. Barnes also informed Wise that he had been diagnosed with diabetes mellitus and would need time off from work to attend informational classes at the VA Hospital.

On September 26, 2001, Wise requested that Barnes provide an additional letter from his doctor "verifying your diagnosis of diabetes and the requirements for attending classes in reference to this condition." Barnes' Deposition, SCDOT's Exhibit 7. In addition, Wise requested that Barnes' doctor excuse Barnes' absence from work for the previous week. Id. Finally, Wise, who had been unable to reach Barnes by telephone, requested that Barnes contact him immediately in order to establish a return to work date. Id. In this letter, Wise requested that the information be provided to him "within fifteen (15) calendar days from receipt of this request. Your failure to provide this information within the stipulated time frames [sic] may result in your termination for 'willful violations of rules, regulations, or policies.'" Id. Barnes took the doctor's response to Wise on November 9, 2001, approximately three weeks beyond the 15-day time limit Wise had given him. At that time, Wise told Barnes that his letter was too late and that he had been terminated.

## DISCUSSION

Barnes asserts that the Magistrate Judge did not properly apply the summary judgment

standard. In particular, Barnes believes that his deposition testimony demonstrates the existence of a genuine issue of material fact as to the reasons that he was terminated from his job. The court disagrees.

Barnes has been unable to provide evidence that the grounds given by the SCDOT for his termination were pretext and that his termination was actually a result of discrimination against him based on his race or unlawful retaliation. In addition, Barnes has offered no evidence of any actions by Wise of an overtly racial nature, such as use of racially offensive language or conduct. Barnes also conceded that he had no evidence or information to show that Wise had ever given any other reason for his termination, other than Barnes' failure to timely respond to Wise's letter of September 26, 2001. Barnes' Deposition, pp. 80-81. SCDOT's Human Resources Director, Paula Hollis, who is African American, and the SCDOT District One Personnel Coordinator, Wanda Prince, were consulted about what action should be taken in response to Barnes' failure to return the requested documents in a timely manner. Prince Deposition, p. 52. Both concurred in the decision to terminate Barnes. Prince Deposition, pp. 125-130. Contrary to Barnes' contention in his objections to the Magistrate Judge's Report and Recommendation, he has failed to provide the required evidence to survive summary judgment. His claims that his termination was based on his race or unlawful retaliation are based on mere speculation. In this circuit, more than mere speculation or the building of one inference upon another is required to create a genuine issue of material fact. Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Barnes' objection is without merit.

Barnes contends that the Magistrate Judge erred in requiring Barnes to show that white comparators who engaged in conduct similar to his received more favorable treatment. This objection misstates the Magistrate Judge's position. The Magistrate Judge relies upon Silvera v.

4

Orange County School Board, 244 F.3d, 1259 (11th Cir. 2001), Maniccia v. Brown, 171 F.2d 1364 (11th Cir. 1999), Maryland v. Board of Regents, 342 F.3d 1281 (11th Cir. 2003), and the Fourth Circuit case of Hughes v. Bedsole, 48 F.3d 1376 (4th Cir. 1995) for the general proposition that a plaintiff who identifies and cites a comparator who allegedly received more favorable treatment also must show that the comparator was similarly situated. Report and Recommendation, p. 15-18.

Relying on Bryant v. Aiken Regional Medical Centers, Inc., 333 F.3d 536 (4th Cir. 2003), Barnes contends in his objections that the Fourth Circuit does not require a plaintiff to identify a white comparator in order to establish a prima facie case of race discrimination under Title VII. In Bryant, the Fourth Circuit held that an employee need not identify a white comparator in order to establish a prima facie case of race discrimination. Id. at 545 (noting that requiring a plaintiff as a matter of law to point to a similarly situated white comparator in order to succeed on a race discrimination claim misapprehends the requirements of Title VII).

Under the ruling in Hughes, a plaintiff is not required to cite a comparator in order to establish a prima facie case of race discrimination under Title VII but, if he chooses to do so, he must show that the comparator was similarly situated. If a plaintiff does not cite a similarly situated comparator, he must advance other evidence of discrimination in order to establish a case of race discrimination under Title VII. Barnes' claim must fail because he has been unable to show that his cited comparators were similarly similarly situated. In addition, he has not provided evidence that the grounds given by the SCDOT for his termination were pretext and that his termination was actually the result of discrimination against him based on his race or unlawful retaliation.

5

For the foregoing reasons, the court concurs in the Magistrate Judge's recommendation to grant Defendant's motion for summary judgment. Accordingly, Defendant's motion for summary judgment is **granted**.

**IT IS SO ORDERED.**

    /s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 14, 2005